**Opinion filed November 13, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00057-CV

_____

### IRN REALTY CORPORATION, Appellant

### V.

### VICENTA HERNANDEZ, Appellee

**On Appeal from the 32nd District Court**

**Nolan County, Texas**

**Trial Court Cause No. 18,704**

### O P I N I O N

Vicenta Hernandez filed suit against IRN Realty Corporation (IRN Corp.) and Salvador Neduelan, alleging various causes of action stemming from the purchase of real estate in Nolan County. Neduelan did not file an answer or a notice of appeal. IRN Corp., a California corporation, filed a special appearance challenging the trial court's jurisdiction. However, before holding a hearing on the special appearance, the trial court struck IRN Corp.'s pleadings for its failure to make a corporate representative available for deposition. The trial court then rendered a default judgment against the defendants jointly and severally in the amount of $5,914,360. The trial court subsequently entered an order regarding the special appearance, overruling IRN Corp.'s motion to challenge jurisdiction.

IRN Corp. presents ten issues for review. In the first four issues, IRN Corp. contends that the trial court abused its discretion in (1) abating and refusing to conduct a hearing on the special appearance, (2) denying the motion to quash and compelling the deposition, (3) refusing to consider IRN Corp.'s motion for continuance, and (4) awarding monetary sanctions and striking IRN Corp.'s pleadings for failing to appear for a deposition. In its fifth and sixth issues, IRN Corp. challenges the trial court's denial of its special appearance. In the remaining issues, IRN Corp. contends that the awards for mental anguish and attorney's fees are not supported by the evidence.

IRN Corp. responded to Hernandez's discovery requests but filed a motion to quash the deposition of its corporate representative in Sweetwater, Nolan County, Texas, urging the court to rule on its special appearance and contending that it would be unjust for a court without jurisdiction over it to require its corporate representative to appear for deposition. IRN Corp.'s representative failed to appear in Sweetwater for a deposition that had been rescheduled after a hearing on the motion to quash. Hernandez filed a motion to compel and requested sanctions. The trial court granted Hernandez's motion to compel, abated the special appearance hearing until after IRN Corp. submitted a representative for deposition, awarded monetary sanctions, and ordered IRN Corp. to make a corporate representative available for deposition in Sweetwater. IRN Corp. did not comply with the court order. Instead, maintaining that the trial court had no jurisdiction over it, IRN Corp. again urged the trial court to hold a hearing and rule on its special appearance. Upon the second failure to appear for deposition and the refusal to comply with the trial court's order on the motion to compel, the trial court held a hearing and struck IRN Corp.'s pleadings. Although we do not condone the actions of IRN Corp. in refusing to obey a court order, we hold that the trial court abused its discretion under the circumstances of this case.

TEX. R. CIV. P. 120a governs special appearances. Rule 120a(2) provides that any motion to challenge jurisdiction "*shall* be heard and determined before a motion to transfer venue or any other plea or pleading may be heard" (emphasis added). Rule 120a(3) provides in part:

> The court shall determine the special appearance on the basis of the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony. The affidavits, if any, shall be served at least seven days before the hearing, shall be made on personal knowledge, shall set forth specific facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify.

2

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Though Rule 120a(2) mandates that a hearing on the special appearance be heard and determined before any other plea or pleading, some discovery disputes may be resolved prior to a ruling on a special appearance without violating that mandate. *Cf. Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 306-07 (Tex. 2004) (where the issue was not whether the trial court abused its discretion but, rather, whether a party waived its special appearance by participating in discovery disputes). The ruling in *Exito* was limited to discovery that related to the special appearance, and "no opinion" was expressed as to discovery that was not related to the special appearance. *Id.* at 306 n.24.

Although Rule 120a indicates that depositions may be conducted prior to a ruling on a special appearance and *Exito* indicates that some discovery disputes may be resolved prior to a ruling on a special appearance, the rule specifically provides for the means to obtain a continuance of the special appearance so that a deposition may be conducted: affidavits of the party opposing the special appearance. In this case, Hernandez did not file any such affidavit stating that she could not present facts essential to justify her opposition to the special appearance or that she needed to depose IRN Corp.'s representative regarding jurisdiction. In her motion to compel, Hernandez merely asserted she had been prevented "from discovering facts necessary to pursue her causes in this action." Hernandez did not comply with the provisions of Rule 120a. Consequently, we hold that the trial court abused its discretion in abating the hearing on the special appearance. *See In re H & R Block*, 159 S.W.3d 127, 131-32 (Tex. App.—Corpus Christi 2004, orig. proceeding). Therefore, the trial court's actions – in granting the motion to compel, which was not limited to jurisdictional discovery; awarding sanctions; striking IRN Corp.'s pleadings; and ultimately entering a default judgment – constituted an abuse of discretion. Issues Nos. One, Two, and Four are sustained.

We also must consider the propriety of the trial court's order overruling IRN Corp.'s special appearance and its assertion of personal jurisdiction over IRN Corp.[1] A court may exercise personal

---

[1]Hernandez asserts that IRN Corp. has waived this issue by failing to timely file a notice of appeal from the order denying the special appearance. We disagree. This is not an accelerated appeal from an interlocutory order but, rather, an appeal from a final judgment disposing of all parties and all issues. *See* TEX. R. APP. P. 26.1(b), 28.1 (relating to deadlines for interlocutory appeals). Consequently, the notice of appeal was timely pursuant to TEX. R. APP. P. 26.1.

jurisdiction over a nonresident defendant when (1) the defendant has established minimum contacts with the forum state and (2) the assertion of jurisdiction complies with traditional notions of fair play and substantial justice. *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338 (Tex. 2009). Whether a court has personal jurisdiction over a defendant is a question of law, which we review de novo. *Id.* at 337; *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). If a trial court issues findings of fact and conclusions of law with respect to its denial of a special appearance, an appellant may challenge the fact findings on legal and factual sufficiency grounds. *BMC*, 83 S.W.3d at 794. In its brief, IRN Corp. argues that the evidence is legally and factually insufficient to support "the trial court's resolution of facts involving personal jurisdiction." We agree.

IRN Corp. properly filed a special appearance challenging the trial court's jurisdiction. Attached to the motion was the affidavit of David Cheng, the president of IRN Corp. Cheng averred that IRN Corp. was a California corporation with no authority to transact business in Texas, no license or permit to engage in real estate brokering or sales in Texas, and no employees in Texas. Cheng also stated that Neduelan was not an employee, agent, or representative of IRN Corp. and that Cheng as president of the corporation was the "only" employee, agent, or representative of IRN Corp. Cheng further averred that IRN Corp. had not conducted business in Texas and was not involved in the transaction in which Hernandez purchased real property in Sweetwater. Hernandez had alleged in her petition that she had retained Neduelan and "IRN Realty" to act as her buyer's agent in the purchase of a motel and restaurant in Sweetwater. Neduelan allegedly informed Hernandez that the property was worth much more that it actually was, and Hernandez relied on Neduelan's misinformation. In the petition, Hernandez asserted that Neduelan was employed by, and was acting within the scope of his employment with, "IRN Realty." Hernandez testified that Neduelan was her "broker" in California, that she had done business with him before this transaction, that she thought he worked for "IRN Realty," and that she had visited him at "IRN Realty's offices" in California.

Documents obtained from the State of California Department of Real Estate and introduced in the trial court by Hernandez show, however, that Neduelan was a licensed real estate salesperson whose employing broker at the time of the real estate transaction at issue in this case was YF Limited, Inc. and that YF Limited, Inc. was a corporation that did business as "IRN Realty." As

4

evidenced by a document from the California Secretary of State, which was also introduced into evidence by Hernandez, IRN Corp. was a separate entity. The evidence shows that Cheng was associated with YF, IRN Realty, and IRN Corp. and that these businesses were located at the same address. Other than this evidence and the use of the names of IRN Corp. and IRN Realty by Hernandez, her counsel, and the trial court in an interchangeable manner, no evidence indicated that the corporate distinctness of the companies was not honored. *See BMC*, 83 S.W.3d at 799-800. Jurisdiction over an entity related to IRN Corp. does not amount to jurisdiction over IRN Corp. In Texas, corporate entities are presumed to be separate, distinct entities; and a plaintiff attempting to assert personal jurisdiction against one defendant based on the contacts of another entity has the burden to prove a basis for doing so. *Id.* at 798. Hernandez failed to meet this burden.

IRN Corp.'s attorney, upon requesting a hearing on the special appearance, explained that IRN Corp. was "just a shell corporation" and stated that "this defendant is not the correct defendant to this lawsuit." The evidence supports these statements. Contrary to the trial court's findings of fact, nothing in the record shows that IRN Corp. (as opposed to YF d/b/a IRN Realty) employed Neduelan, participated in the transaction at issue, or otherwise subjected itself to either general or specific jurisdiction in Texas. Issue No. 5 is sustained. The remaining issues need not be addressed as they are not dispositive of the appeal. TEX. R. APP. P. 47.1.

We vacate the award of sanctions and the final judgment of the trial court insofar as it relates to IRN Realty Corporation. Insofar as it relates to defendant Salvador Neduelan, the trial court's judgment remains undisturbed. *See Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442 (Tex. 1989). The hearing on the special appearance plea should have been held as required by Rule 120a. That rule provided that depositions or discovery could be ordered; however, none was requested by Hernandez. We reverse the trial court's order denying IRN Realty Corporation's special appearance, and we dismiss without prejudice the claims against IRN Realty Corporation.

JIM R. WRIGHT
CHIEF JUSTICE

November 13, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.