Opinion issued July 1,
2010

 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 10-00001-CV

———————————

In re GM Oil Properties, INC., Gary Moores, 

and
Bill Wood, Relators



 



 

Original Proceeding on Petition for
Writ of Mandamus



 



 

 

MEMORANDUM OPINION

This
original proceeding for writ of mandamus arises from a suit filed by
real-party-in-interest, Sheridan Wade, against relators, GM Oil Properties,
Inc., Gary Moores, and Bill Wood.  Relators
challenge the trial court’s October 12, 2009 order, which denies Wood’s motion
to compel arbitration and determines that Wade’s claims against not only Wood,
but also against GM Oil Properties and Moores, “are not subject to a valid and
enforceable arbitration agreement and do not fall within the scope of such
arbitration agreement . . . .”[1]  

At the time
the trial court rendered the order, special appearances challenging the court’s
in personam jurisdiction over Moores and GM Oil Properties were pending.  We agree with relators that the trial court
abused its discretion in rendering the order before determining whether it had
jurisdiction over GM Oil Properties and Moores. 


We hold
that relators are entitled to mandamus relief. 
We conditionally grant the petition for writ of mandamus.  A writ will issue unless the trial court vacates
the October 12, 2009 order or modifies the order to make it applicable only to
Wood, who does not contest personal jurisdiction.

Background

          Wade sued GM Oil
Properties, Gary Moores, and Bill Wood asserting claims for breach of contract,
fraud, conversion, breach of fiduciary duty, and conspiracy.  Wood answered the suit, asserting, inter
alia, that Wade’s claims were subject to an arbitration agreement.  Moores, an Oklahoma resident, and GM Oil
Properties, an Oklahoma corporation, each filed a special appearance contesting
personal jurisdiction.  

GM Oil Properties, Moores, and Wood initiated an
arbitration proceeding before the American Arbitration Association in Oklahoma,
asserting that Wade’s claims against them were subject to an arbitration
agreement found in GM Oil Properties’s bylaws. 
In response, Wade filed and obtained a temporary restraining order,
which prohibited GM Oil Properties, Moores, and Wood from proceeding with the
Oklahoma arbitration.  

Wade amended her petition to include a request
for a judicial declaration that her claims are not subject to arbitration.  Wade also filed a motion for partial summary
judgment regarding the arbitration issue. 
In turn, Wood filed a motion to compel arbitration in the trial
court.  GM Oil Properties and Moores did
not join in the motion to compel arbitration. 
Their special appearances were still pending before the trial court.  

The parties entered into a series of Rule 11
agreements in which they agreed that all pending motions were “on hold” pending
the trial court’s ruling on the arbitration issue.  GM Oil Properties and Moores noted in the
initial Rule 11 agreement that entry into the agreement did not waive their
special appearance. 

The trial court conducted a hearing on Wood’s
motion to compel arbitration on October 8, 2007.  The parties, including Wade’s counsel, made
clear to the trial court that the only issue to be decided was whether Wood
could compel arbitration.  No
determination would be made without respect to arbitration and Wade’s claims
against GM Oil Properties and Moores because the special appearances were still
pending.  

Ten months later, on August 7, 2008, the trial
court signed an order denying Wood’s motion to compel arbitration.  Wood, GM Oil Properties, and Moores filed a
notice of interlocutory appeal regarding the trial court’s order denying the
motion to compel arbitration.  The
interlocutory appeal bears appellate cause number 01-08-000757-CV.  

Wood, GM Oil Properties, and Moores filed a
motion requesting that we abate the appeal to allow the trial court to clarify
ambiguous language found in the order.  A
reading of the order showed that it was unclear whether the trial court had
intended to deny only Wood’s right to compel arbitration of Wade’s claims or
whether the order was intended also to preclude GM Oil Properties and Moores
from compelling arbitration.  In this
respect the order provided, “[T]his Court has determined that [Wade’s] claims
in this action against the Defendants are
not subject to a valid and enforceable arbitration agreement and do not fall
within the scope of such arbitration agreement . . . .”  (Emphasis added.)  

We abated the appeal and ordered the trial
court to clarify, modify, or reconsider the order.  In our abatement order, we pointed out that
it was “unclear from the order whether the order was intended to apply only to
[Wade’s] claims against Wood or whether it was intended to apply to [] Wade’s
claims against all three defendants.”  

On October 12, 2009, the trial court signed its
“Order of Clarification and Reconsideration.” 
The order provides in relevant part, 

The Court finds that this
Court’s order of August 7, 2008 intended to apply to Plaintiff Wade’s claims
against all three Defendants: Bill O. Wood, GM Oil Properties, Inc. and Gary
Moores.

 

Therefore, having considered
the pertinent materials submitted by the parties, including Defendant Bill O.
Wood’s Motion to Compel Arbitration and Plaintiff Sheridan Wade’s Motion for
Partial Summary Judgment on the Issue of Arbitration, this Court has determined
that Plaintiff Sheridan Wade’s claims in this action against Defendants Bill O.
Wood, GM Oil Properties, Inc. and Gary Moores are not subject to a valid and
enforceable arbitration agreement and do not fall within the scope of such
arbitration agreement and hereby REAFFIRMS the denial of Defendant
Wood’s Motion to Compel Arbitration.

 

Following the issuance of the order, relators,
Wood, Moores, and GM Oil Properties (hereinafter “relators”) filed a petition
for writ of mandamus.  Relators contend
that the trial court committed “clear error” when it “adjudicated their
arbitration defenses” before ruling on GM Oil Properties’s and Moores’s special
appearances.[2]  

Standard of Review

To be entitled to the extraordinary relief of a
writ of mandamus, relators must show the trial court abused its discretion and
there is no adequate remedy by appeal.  In re Team Rocket, L.P., 256 S.W.3d 257,
259 (Tex. 2008) (orig. proceeding).  A
trial court abuses its discretion if it reaches a decision so arbitrary and
unreasonable as to constitute a clear and prejudicial error of law, or if it
clearly fails to correctly analyze or apply the law.  In re
Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding);
Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992) (orig. proceeding).

Determining
Arbitration Issue before Special Appearances

With respect to the trial court’s ruling that
Wade’s claims against GM Oil Properties and Moores are not subject to
arbitration, relators make the following assertion:

[T]he trial court seemingly
deprived GM Oil and Moores of their due process rights to be heard on their
arbitration defenses, vitiated those substantive defenses and, in essence,
exercised jurisdiction over GM Oil and Moores before considering whether sufficient
“minimum contacts” exist that would allow it to properly do so in accordance
with Due Process and the Texas long-arm statute.

 

Relators further assert, 

The trial court acted
outside of its discretion and in violation of its legal duties under Tex. R.
Civ. P. Rule 120a when it took up and adjudicated arbitration motions prior to
resolving GM Oil’s and Moores’ special appearances. . . .  The trial court further exacerbated this
error and ran afoul of constitutional Due Process protections by including
verbiage in its Orders that unwittingly appears to adjudicate and impinge upon
GM Oil’s and Moores’ individual arbitration defenses and, thus, seemingly exerts
jurisdiction over GM Oil and Moores despite these nonresidents’ still-pending
special appearances.

 

Personal jurisdiction concerns the court’s
power to bind a particular person or party. 
CSR Ltd. v. Link, 925 S.W.2d
591, 594 (Tex. 1996).  Thus, it follows
that personal jurisdiction must be determined before a trial court grants a
plaintiff’s requested relief against a defendant who challenges personal jurisdiction.
 

As pointed out by relators, Rule 120a(2) specifically
provides that any motion to challenge jurisdiction “shall be heard and determined before a motion to transfer venue or
any other plea or pleading may be heard.”  Tex. R.
Civ. P. 120a (emphasis added); see
IRN Realty Corp. v. Hernandez, 300 S.W.3d 900, 902–03 (Tex. App.—Eastland
2009, no pet.).  Wade points out in her
response to the mandamus petition that the parties had a Rule 11 agreement permitting
that trial court to decide the issue of arbitration before ruling on pending
motions.  We note, however, that the Rule
11 agreement was limited to determining the arbitration issue with respect to
Wade’s claims against Wood only.  The
record does not reflect that relators agreed to allow the trial court to
determine whether Wade’s claims against GM Oil Properties and Moores are subject
to a valid arbitration agreement.  

We conclude that the trial court abused its
discretion when it determined that Wade’s claims against GM Oil Properties and
Moores are not subject to a valid arbitration agreement before determining the
defendants’ special appearances.  We
further conclude that relators do not have an adequate remedy by appeal.  We hold that relators are entitled to
mandamus relief.[3]

Accordingly, we conditionally grant the
petition for writ of mandamus.  We order
the trial court either (1) to vacate its October 12, 2009 Order
of Clarification and Reconsideration[4] or (2) to modify the order
to limit its application to Wade’s claims against Wood and to delete the
order’s language stating that Wade’s claims against GM Oil Properties and
Moores are not subject to, or within the scope of, a valid arbitration clause.  We will issue writ only if the trial court
fails to comply.  

We further order that the interlocutory appeal
in appellate cause number 01–08–00757–CV be abated.  We will reinstate the appeal when a
supplemental clerk’s record containing (1) the trial court’s modified order
denying Wood’s motion to compel arbitration or, (2) in the event that the trial
court vacates the October
12, 2009 order, an order replacing that
order and denying arbitration is filed.  See Tex.
R. App. P. 27.3. (“After an order or judgment in a civil case has been
appealed, if the trial court modifies the order or judgment, or if the trial
court vacates the order or judgment and replaces it with another appealable
order or judgment, the appellate court must treat the appeal as from the
subsequent order or judgment and may treat actions relating to the appeal of
the first order or judgment 




 

as relating
to the appeal of the subsequent order or judgment.”).

 

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel
consists of Justices Keyes, Hanks, and Higley.

 











[1]           Respondent is The Honorable Jaclanel
McFarland of the 133rd District Court of Harris County.  The underlying suit is Sheridan Wade v. Bill O.
Wood, G M Oil Properties, Inc., and Gary Moores, No. 2006–53389 (133rd
Dist. Ct., Harris County, Tex.).

 





[2]           Relators challenge both the original
August 7, 2008 order denying Wood’s motion to compel arbitration and the
October 12, 2009 “Order
of Clarification
and Reconsideration.”  We note that the
August 7, 2008 order was rendered by the Hon. Lamar McCorkle.  On January 1, 2009, Judge McCorkle was
succeeded by the Hon. Jaclanel McFarland, who rendered the “Order of
Clarification and Reconsideration.” 
Relators filed their petition for writ of mandamus on January 4, 2010.

 

We examine only the October 12, 2009 order signed by Judge McFarland to determine whether relators are
entitled to mandamus relief.  The
later-signed order superseded the earlier August 7, 2008 order signed by
Judge McCorkle.  See In re Office of Attorney Gen., 276 S.W.3d 611, 617 (Tex.
App.—Houston [1st Dist.] 2008, orig. proceeding).  Moreoever, “[m]andamus will not issue against
a new judge for what a former one did.”  In re Baylor Med. Ctr. at Garland, 280
S.W.3d 227, 228 (Tex. 2008).





[3]           Relators also request that we compel
the trial court to rule on the special appearances.  We conclude that relators have not shown that
they are entitled to such relief.  Some
indication exists in the record that the trial court has not ruled on the
special appearances due to a discovery dispute between the parties pertinent to
the jurisdictional issue.  Relators
further seek mandamus relief on the basis that the trial court abused its
discretion when it denied the motion to compel arbitration.  With respect to this request, relators have
an adequate remedy by appeal, and have filed an interlocutory appeal.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 51.016 (Vernon Supp. 2009) (providing for interlocutory appeal of order
denying motion to compel arbitration under Federal Arbitration Act); see also Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1) (Vernon
2005) (providing for interlocutory appeal of order denying motion to compel
arbitration under Texas arbitration act). 


 





[4]           The trial court may want to consider
whether judicial economy will be better served if it first determines the
special appearances and then, if the special appearances are denied, unitarily
consider whether Wade’s claims against all three defendants are subject to a
valid and enforceable arbitration clause.