Opinion issued June 9, 2016



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00232-CV

_____

**NATIONWIDE DISTRIBUTION SERVICES, INC., Appellant**

**V.**

**ROBERT JONES AND POLY TRUCKING, INC., Appellees**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-64642**

---

## O P I N I O N

This is an interlocutory appeal from the trial court's denial of a special appearance filed by appellant National Distribution Services, Inc. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(7). On appeal, NDS argues that it did not have the

kinds of contact with Texas that would confer specific or general jurisdiction on the court. It also denies having waived its special appearance.

Because NDS violated the due-order-of-hearing requirement of Rule 120a by scheduling a hearing and obtaining affirmative relief inconsistent with a challenge to the court's jurisdiction, we conclude that it waived its special appearance, and we affirm the trial court's order.

## Background

National Distribution Services, Inc. is a Tennessee corporation that operated a warehouse in Roswell, Georgia, under a contract with Kimberly-Clark, a Delaware corporation. In its capacity as warehouseman, NDS stored Kimberly-Clark's products and loaded them onto trucks in Georgia. In February 2012, NDS loaded a truck owned by Poly Trucking, a Texas corporation with its principal place of business in Grand Prairie, Texas, located in Dallas and Tarrant Counties. Robert Jones, a Michigan resident and an employee of Poly Trucking, drove the truck from Georgia to Harris County, Texas, where, upon unloading, the cargo fell out of the trailer and struck his head and ankle. Jones was seriously injured and required several surgeries.

Jones sued NDS in Texas for negligence, alleging that it improperly loaded the cargo in Georgia. He also sued Kimberly-Clark. Poly Trucking intervened, claiming that it was entitled to subrogation from the other defendants as a non-

2

subscriber to Texas Worker's Compensation Insurance which had paid benefits to Jones. The merits of the claim against the other defendants and Poly Trucking's subrogation claims are not relevant to the disposition of the procedural issues in this appeal.

In March 2014, NDS filed a special appearance, a motion to dismiss for lack of personal jurisdiction, and an original answer. In August 2014, it served interrogatories and requests for production to Jones and to Poly Trucking. In particular, NDS sought production of driver's logs and vehicle inspections for the two weeks immediately preceding the incident. In late October 2014, NDS filed motions to compel Jones to provide more complete answers to interrogatories and to compel Poly Trucking to produce the driver's logs and vehicle-inspection reports for the truck. In addition, NDS and its codefendants filed a joint motion for continuance of the expert-designation deadline.

The trial court held a hearing in November 2014 on NDS's motions to compel and the motion for continuance. At that time, the case was set for trial in February 2015. With respect to the motion to compel, NDS argued that it needed the driver's logs, vehicle-inspection reports, and additional information from the plaintiff to defend itself at trial. NDS also argued that because the case involved "a loading incident," "what was going on for that period of time while [Jones] was in transit," including "where he stopped" and "how long he stopped," was "entirely relevant"

3

to its defense. The trial court granted the motion to compel production of the driver's logs and vehicle-inspection reports.

As to the motion for continuance of the expert-designation deadline, NDS argued that it would be difficult to meet the deadline without having taken the plaintiff's deposition, which, at that time, was set for mid-December 2014. Although NDS had designated liability and damages experts "out of an abundance of caution," it argued that it might need to supplement or amend its designations based on Jones's deposition testimony. The trial court asked the parties to confer about scheduling, and after the hearing a new docket control order extended the deadline for designating experts by about two months and reset the case for trial in May 2015.

On February 6, 2015, NDS filed a notice that its special appearance would be heard on February 23, 2015. Jones responded that NDS had waived its special appearance by filing motions to compel discovery on issues relating to the merits of his claim and by asserting that it planned to proceed to trial. Jones also argued that NDS had minimum contacts with Texas sufficient to support both specific and general jurisdiction. The trial court denied the motion to dismiss, and NDS filed this interlocutory appeal.

**Analysis**

On appeal, NDS contends that the trial court lacked general or specific jurisdiction over it, and that it did not waive its right to contest jurisdiction. Because it is dispositive, we address the waiver issue.

Jones and Poly Trucking argue that NDS waived its special appearance because filing, setting for submission, and obtaining a ruling on a motion to compel discovery on the merits of the case prior to obtaining a ruling on its special appearance violated the due-order-of-hearing requirement of Rule 120a(2).

NDS argues that it did not waive its special appearance because Rule 120a specifically provides that the "issuance of process for witnesses, the taking of depositions, the serving of requests for admissions, and the use of discovery processes, shall not constitute a waiver of such special appearance." TEX. R. CIV. P. 120a(1). It further argues that a motion is not a "plea or pleading," and therefore its motions to compel production did not violate the due-order-of-hearing rule. TEX. R. CIV. P. 120a(2).

"To render a binding judgment, a court must have both subject matter jurisdiction over the controversy and personal jurisdiction over the parties." *Spir Star AG v. Kimich*, 310 S.W.3d 868, 871 (Tex. 2010) (citing *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996)). A party may challenge a trial court's jurisdiction over it by filing a special appearance—a sworn motion asserting that the court lacks

5

jurisdiction—which may be filed without the movant submitting to the court's jurisdiction. *See* TEX. R. CIV. P. 120a(1). A defendant that does not strictly comply with the procedural requirements of Rule 120a, including the due-order-of-pleading and due-order-of-hearing requirements, waives its jurisdictional challenge and enters a general appearance. *See id.* A defendant also waives a special appearance and "enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Exito Elecs. Co., Ltd. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (citing *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998)).

Rule 120a specifies a due order of hearing, which requires a specially appearing party to ensure that his special appearance is heard and determined before he obtains a ruling on a motion to transfer venue or any other plea or pleading. The rule provides:

> Any motion to challenge the jurisdiction provided for herein shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard. No determination of any issue of fact in connection with the objection to jurisdiction is a determination of the merits of the case or any aspect thereof.

TEX. R. CIV. P. 120a(2).[1] A specially appearing party will not waive the jurisdictional challenge by seeking affirmative relief consistent with the special appearance. *See Dawson-Austin*, 968 S.W.2d at 323. But if it obtains a hearing on a matter seeking affirmative relief inconsistent with a special appearance before obtaining a ruling on the special appearance, it has entered a general appearance and waived any challenge to personal jurisdiction. *See Trenz v. Peter Paul Petroleum Co.*, 388 S.W.3d 796, 803 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

In *Trenz v. Peter Paul Petroleum Co.*, 388 S.W.3d 796 (Tex. App.—Houston [1st Dist.] 2012, no pet.), the defendant filed a special appearance, and the trial court held a hearing without immediately issuing a ruling. *Id.* at 801. The defendant subsequently obtained a ruling on a motion for summary judgment, and the case was continued many times over several years. *Id.* at 801–02. Over six years after the hearing on the special appearance, and three days before a final trial setting, the court overruled the defendant's special appearance. *Id.* at 802.

---

[1] Rule 120a also specifies a due order of pleading, which requires that a specially appearing party file the special appearance before filing a motion to transfer venue or any other plea, pleading, or motion. TEX. R. CIV. P. 120a(1). That rule further provides that "[t]he issuance of process for witnesses, the taking of depositions, the serving of requests for admissions, and the use of discovery processes, shall not constitute a waiver of such special appearance." *Id.* In this case, NDS filed motions to compel discovery from the plaintiff and a codefendant. There is no dispute about the timing of the filing of the motions relative to the special appearance. All parties agree that the special appearance was filed before the discovery motions, and therefore no due-order-of-pleading issue is presented by this appeal.

7

On appeal, the plaintiff argued that the defendant had violated the due-order-of-hearing requirement by obtaining a hearing on his motion for summary judgment before obtaining a ruling on his special appearance. *See id.* at 802–03. The defendant conceded that he had sought affirmative relief inconsistent with his assertion that the trial court lacked jurisdiction, and he did not argue that the hearings were "inextricably intertwined with, or otherwise related to, his special appearance." *Id.* at 803. Rather, the defendant asserted that there was no waiver because the court impliedly ruled on his special appearance at the time of the hearing. *Id.* This court rejected that argument, holding that the defendant had waived his special appearance by continuing to prosecute the litigation while failing to obtain a ruling on his special appearance until six years after the hearing. *Id.*

In this case, NDS filed motions to compel discovery that sought production of driver's logs and vehicle-inspection reports for the two weeks immediately preceding Jones's injury. Poly Trucking had objected to these discovery requests, refusing to provide the requested records. NDS also sought to compel interrogatory answers from Jones. It argued that the information it sought was necessary to defend itself on the merits of the case at trial. NDS also filed a motion for continuance of the expert-designation deadlines.

At the hearing on these discovery motions in November 2014, counsel for NDS emphasized that the case was set for trial in February 2015 to show how much

preparation—and how little time—remained. Cognizant that the trial court did not want the trial postponed until the following summer, counsel for NDS said: "that's another reason why we're here because we figured that by bringing this up to the Court now in November . . . . we'd have a better chance of getting another trial setting that's closer to the February one . . . ." Counsel did not mention the pending special appearance or any jurisdictional challenge.

NDS, the specially appearing party, was the party that set the motions to compel, the motion for continuance, and its special appearance for hearings. As such, it was NDS that elected to have its motion to compel heard before its special appearance. *See Trenz*, 388 S.W.3d at 803 (specially appearing party has the burden obtain a ruling on its special appearance in compliance with Rule 120a). On appeal, NDS concedes that the evidence it sought in its motions to compel was relevant only to the merits of the case, not the jurisdictional dispute.

Under the governing authorities of the Supreme Court of Texas, NDS has failed to show that its discovery litigation actions were consistent with its jurisdictional challenge under the specific facts of this case. In *Dawson-Austin v. Austin*, 968 S.W.2d 319 (Tex. 1998), the Supreme Court considered whether, under the particular facts of a divorce case, the specially appearing defendant's actions were consistent with the jurisdictional challenge. *Dawson-Austin*, 968 S.W.2d at 322. The wife had filed for divorce in California, while the husband had filed for

9

divorce in Texas. *Id.* at 321. In Texas the wife filed a special appearance, a motion to quash service of citation, a plea to the jurisdiction, a plea in abatement, and an original answer. *Id.* The husband set her motion and pleas for hearing, arguing that he needed a ruling on these matters in order to protect his interests in the California lawsuit. *Id.* at 323. After the wife moved for a continuance of the hearing, which the trial court denied, the husband argued that the wife had violated the due-order-of hearing requirement by obtaining a ruling on her motion for continuance. *Id.*

The Supreme Court explained that under the specific facts of that case, the wife's motion for continuance was not a general appearance. *Id.* at 324. Because the wife "was entitled to request more time to prepare for the special appearance hearing that [the husband] set," her motion for continuance of the hearing was not unrelated to the jurisdictional question. *Id.*

In *Exito Electronics Co. v. Trejo*, 142 S.W.3d 302 (Tex. 2004), the Supreme Court held that a defendant did not waive its special appearance by obtaining an order compelling production of jurisdictional discovery before obtaining a ruling on its special appearance. *Trejo*, 142 S.W.3d at 306. In doing so, the Court applied the *Dawson-Austin* framework and held that participating in the resolution of a discovery dispute that pertains to the very issue at the center of the special appearance "does not amount to a recognition that the action is properly pending or a request for affirmative relief inconsistent with the jurisdictional challenge." *Id.* at

10

306–07. However, the Court also noted that it was "undisputed that the discovery" in that case "concerned Exito's special appearance." *Id.* at 306 n.24. The Court "express[ed] no opinion on the effect of parties' participation in discovery that is unrelated to the special appearance before its resolution." *Id.*

By contrast, in this case there is no dispute that both the motion to compel discovery and the motion for continuance of expert designation deadlines solely concerned litigating the merits of the case and not the jurisdictional issue. NDS argues on appeal that these motions were merely a contingency in the event that the court denied the special appearance. But NDS elected to set the motion to compel discovery as well as the motion for continuance of expert designation deadlines for hearings prior to setting a hearing for its previously filed special appearance. And it has not explained why it required a ruling on its motion to compel merits-based discovery before it obtained a ruling on the special appearance or how the election to obtain a ruling on merits-based discovery before obtaining a jurisdictional ruling is consistent with its special appearance.

Instead, NDS contends that because its motion implicated discovery, the text of Rule 120a provided a safe harbor protecting it from waiver of its special appearance. Among other things, Rule 120a(1) states that the "issuance of process for witnesses, the taking of depositions, the serving of requests for admissions, and the use of discovery processes, shall not constitute a waiver of such special

11

appearance." TEX. R. CIV. P. 120a(1). The rule does not define "discovery processes."

In *Silbaugh v. Ramirez*, 126 S.W.3d 88 (Tex. App.—Houston [1st Dist.] 2002, no pet.), a defendant sought protection from merits-based discovery by filing a motion to quash a codefendant's deposition and a motion for protection from the plaintiff's discovery requests. *Silbaugh*, 126 S.W.3d at 93. The defendant set her motion for protection for submission, although the court never heard it or ruled on it. *Id.* The plaintiff argued that the defendant waived her special appearance by setting her motion for hearing. *Id.* This court held that the plaintiff did not waive her special appearance because "the discovery process includes timely objections to discovery and does not require a defendant to choose between waiving discovery objections and waiving her special appearance," and the defendant's actions in defending against merits-based discovery were "part of the discovery process." *Id.* Likewise, in *Hotel Partners v. Craig*, 993 S.W.2d 116 (Tex. App.—Dallas 1994, pet. denied), the Dallas Court of Appeals held that a defendant's filing of a motion for a protective order in response to the plaintiffs' motion to compel production was "a proper use of the discovery process" and was "not a waiver of a previously filed special appearance." *Hotel Partners*, 993 S.W.2d at 123.

In *Case v. Grammar*, 31 S.W.3d 304 (Tex. App.—San Antonio 2000), *abrogated on other grounds by BMC Software Belgium, N.V. v. Marchand*, 83

S.W.3d 789 (Tex. 2002), several defendants participated in a deposition and filed motions to compel answers to interrogatories and responses to requests for production which pertained to both the merits of the case and the jurisdictional issue. *Case*, 31 S.W.3d at 310–11. The motions were not heard, *id.* at 311, and the trial court denied the special appearances. *Id.* at 307. The San Antonio Court of Appeals held that the defendants did not waive their special appearance because Rule 120a states that use of discovery processes is not waiver, and it "specifically contemplates ongoing discovery by both the party challenging jurisdiction and the party invoking it." *Id.* at 311. In a subsequent opinion, the San Antonio Court of Appeals held that participation at a hearing on a motion for default judgment, which was based on discovery abuse, was also part of the discovery process and did not waive the special appearance. *Carone v. Retamco Operating, Inc.*, 138 S.W.3d 1, 9 (Tex. App.—San Antonio 2004, pet. denied).

The foregoing cases involved defendants engaging in discovery in some way that was consistent with a pending jurisdictional challenge, and therefore they are factually distinguishable from this case. The case law shows that a specially appearing party does not waive its jurisdictional challenge by: (1) serving nonjurisdictional discovery requests;[2] (2) filing a motion to compel nonjurisdictional

---

[2] *Horowitz v. Berger*, 377 S.W.3d 115, 124 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Silbaugh v. Ramirez*, 126 S.W.3d 88, 93 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

discovery but not scheduling a hearing or obtaining a ruling on such motion;[3] (3) litigating a jurisdictional discovery dispute;[4] (4) litigating other disputes that are factually related to the special appearance;[5] or (5) litigating opposition to merits-based discovery sought by another party.[6] To the extent each of these examples involved a defendant's "use of discovery processes," none of them also involved a violation of the due order of pleading.

NDS relies on cases involving compelled discovery from a specially appearing party, but to no avail. Merits-based discovery should not be compelled from a specially appearing defendant before ruling on the jurisdictional challenge. *See, e.g.*, *In re Stern*, 321 S.W.3d 828, 840–41 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (motion to compel sought information that "far exceeded discovery of jurisdictional facts"); *see also IRN Realty Corp. v. Hernandez*, 300 S.W.3d 900,

---

[3]  *Horowitz*, 377 S.W.3d at 124; *Silbaugh*, 126 S.W.3d at 93.

[4]  *Exito Electronics Co., Ltd. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004).

[5]  *First Oil PLC v. ATP Oil & Gas Corp.*, 264 S.W.3d at 767, 776–78 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).

[6]  *Forest River, Inc. v. Quality Frames, Inc.*, No. 01-04-01038-CV, 2005 WL 615424, at *1–2 (Tex. App.—Houston [1st Dist.] Mar. 17, 2005, no pet.) (mem. op.) (moving to quash deposition of specially appearing party's corporate representative does not waive special appearance); *Gutierrez v. Cayman Islands Firm of Deloitte & Touche*, 100 S.W.3d 261, 267 (Tex. App.—San Antonio 2002, pet. dism'd) (filing petition for writ of mandamus opposing an order compelling discovery does not waive special appearance).

902–03 (Tex. App.—Eastland 2009, no pet.) (holding that plaintiff was not entitled to order compelling merits-based discovery before the trial court ruled on special appearance). In such cases, it has been the plaintiff seeking an order from the court to compel discovery on the merits, and plaintiffs in that circumstance do not contend that the court lacks jurisdiction over the case. *See Stern*, 321 S.W.3d at 840–41; *IRN Realty Corp.*, 300 S.W.3d at 901–02.

In this case, NDS did not waive its special appearance merely by participating in discovery processes. *See Silbaugh*, 126 S.W.3d at 93–94. It waived its special appearance by obtaining affirmative relief from the trial court that was entirely unrelated to the jurisdictional challenge. *See Trejo*, 142 S.W.3d at 306; *Dawson-Austin*, 968 S.W.2d at 322. This was inconsistent with its claim that the court lacked personal jurisdiction, and it was a violation of Rule 120a's due-order-of-hearing requirement. *See* TEX. R. CIV. P. 120a(2).

## Conclusion

We conclude that NDS violated the due-order-of-hearing requirement of Rule 120a(2) and that it waived its special appearance. In light of this conclusion, we hold that the trial court did not err by denying it. Because we have found that NDS waived its special appearance, it is not necessary for us to address NDS's other appellate issues. *See* TEX. R. APP. P. 47.1.

We affirm the interlocutory ruling of the trial court.


                                         Michael Massengale
                                         Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.