

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00072-CV

IN THE MATTER OF THE MARRIAGE OF THOMAS DIPPREY AND
DESIRAE DIPPREY, AND IN THE INTEREST OF B.D. AND L.D.

On Appeal from the County Court at Law
Fannin County, Texas
Trial Court No. FA-17-42990

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Thomas Dipprey, a resident of Fannin County, Texas, was separated from his then wife, Desirae Dipprey, a resident of Yuma, Arizona, in June 2015, which was the last time Thomas saw his minor son, B.D. Thomas has never seen the other minor son he had with Desirae, L.D. While the record in this matter is sketchy, all indications are that Desirae and the two minor children reside and have resided in Yuma, Arizona. It does not appear to be contested that Desirae and B.D. came to temporarily visit Thomas in Texas on occasion and that L.D. was conceived in Texas on one of Desirae's visits to Thomas. By its decree dated May 25, 2017, the County Court at Law of Fannin County granted a divorce between Thomas and Desirae, set out initial terms of custody of the two children, and ordered that Thomas pay child support for them. Desirae challenges neither the divorce[1] nor the child support[2] ordered by the decree. On appeal, however, Desirae argues one point, that the Texas trial court had no jurisdiction to order the terms of the initial custody of B.D. and L.D.

Because nothing in this record supports any jurisdiction in the trial court to determine initial child custody, we agree with Desirae.

---

[1]Desirae was served and filed pleadings in Texas that did not challenge personal jurisdiction over her, thus making a general appearance. *See Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998); *Nationwide Distrib. Servs., Inc. v. Jones*, 496 S.W.3d 221, 224 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

[2]The trial court's jurisdiction over child support is determined by a different statutory scheme, the Texas version of the Uniform Interstate Family Support Act. *See* TEX. FAM. CODE ANN. §§ 159.001–.902 (West 2014 & West Supp. 2016).
.

Texas has adopted the Uniform Child Custody Jurisdiction and Enforcement Act. *See* TEX. FAM. CODE ANN. §§ 152.001–.317 (West 2014). Section 152.201(a) sets out four alternatives[3] for a Texas court to have jurisdiction to make an initial child custody determination. TEX. FAM. CODE ANN. § 152.201(a)(1)–(4). None of those options are supported by any evidence in this brief record.

The first alternative would give a Texas court jurisdiction to decide child custody if Texas is the home state of the child when the case was filed or if the child was a Texas resident for at least six months before the case was filed and his or her parent is still a Texas resident, though the child be outside Texas. *See* TEX. FAM. CODE ANN. § 152.201(a)(1). The proceeding in this case was filed January 6, 2017. The record suggests that only one child visited Texas and that even such visit was approximately eighteen months before the divorce action was filed. Because neither child lived in Texas for at least six consecutive months before the divorce proceeding was filed, Texas cannot be the home state of either child and the absence alternative cannot apply. *See* TEX. FAM. CODE ANN. § 152.102(7) (defining "home state"). Therefore, the first alternative for jurisdiction is unavailable to support the custody decree.

The second alternative would give a Texas court jurisdiction to decide child custody if Arizona is not the home state of the child when the case was filed or if Arizona had declined jurisdiction on the basis that Texas was a more appropriate forum. *See* TEX. FAM. CODE ANN. § 152.201(a)(2). Neither of those conditions apply here, since this record suggests only that the

---

[3]Jurisdiction in Texas would also be supported under the terms of Section 152.204, if the child is in Texas and has been abandoned, abused, or threatened with abuse. *See* TEX. FAM. CODE ANN. § 152.204(a). There is no evidence that the children in this case are in Texas or that they have been abandoned, abused, or threatened with abuse.

children have resided in Arizona with Desirae at all relevant times. Thus, Arizona is the home state of both children as defined above. Additionally, there is no indication or claim that Arizona has declined jurisdiction. Thomas argues that B.D. and Thomas have significant connections with Texas, but those factors cannot apply under the statute, given that Arizona is the home state and has not declined jurisdiction. Therefore, the second alternative for jurisdiction is unavailable to support the custody decree.

Likewise, the third and fourth alternatives offer no support to Thomas' position. *See* TEX. FAM. CODE ANN. § 152.201(a)(3), (4). These alternatives fail from the outset, because Arizona, as the children's home state, would have jurisdiction under the first alternative. *See* TEX. FAM. CODE ANN. § 152.201(a)(1).

For the above reasons, the Texas court did not have jurisdiction to determine custody of the children. Therefore, we reverse those portions of the decree that address the custody of B.D. and L.D. and strike those provisions from the decree. We affirm the remainder of the decree.


Josh R. Morriss III
Chief Justice


Date Submitted: October 26, 2017
Date Decided: October 27, 2017