

# NUMBER 13-21-00026-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE HYUNDAM INDUSTRIAL COMPANY, LTD.

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva
Memorandum Opinion by Chief Justice Contreras[1]**

Relator Hyundam Industrial Company, Ltd. filed a petition for writ of mandamus through which it seeks to compel the trial court to (1) vacate its January 13, 2021 order compelling discovery, and (2) strike specified interrogatories and requests for production. Relator has filed a special appearance in the underlying personal injury and product liability lawsuit and contends that the discovery at issue is not limited to jurisdictional facts,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

but instead improperly extends to the merits of the litigation.

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "[A] party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error." *Walker*, 827 S.W.2d at 843.

Texas Rule of Civil Procedure 120a provides that any party may file a special appearance "for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State." TEX. R. CIV. P. 120a(1). Rule 120a specifically provides for jurisdictional discovery, *see id.* R. 120a(3), and that "[d]iscovery is limited to matters directly relevant to the issue" of jurisdiction. *In re Doe*, 444 S.W.3d 603, 608 (Tex. 2014) (orig. proceeding); *see Nationwide Distribution Servs., Inc. v. Jones*, 496 S.W.3d 221, 228 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("Merits-based discovery should not be compelled from a specially appearing defendant before ruling on the jurisdictional challenge."); *In re Stern*, 321 S.W.3d 828, 840–41 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding) ("We conclude that Rule 120a(3) by its plain language authorizes

discovery by a party prior to a ruling on a special appearance only with respect to facts 'essential to justify his opposition' to the special appearance.").

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real party in interest, Paul Swacina, as successor guardian of the person and estate of Johari Kibibi Powell, an incapacitated person, and as next friend of D.A.P., D.A.C., and D.A.C., minor children, and the reply filed by relator, is of the opinion that relator has failed to meet its burden to obtain relief. First, we note that relator has denied having any information or documents responsive to the discovery requests at issue here. Second, we have carefully examined the record, and in view of the United States Supreme Court's recent decision in *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, Nos. 19-368 & 19-369, 141 S. Ct. 1017, 1026–28, 209 L. Ed. 2d 225 (Mar. 25, 2021), we cannot agree that the jurisdictional analysis excludes the discovery at issue here. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
10th day of June, 2021.

3