# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


### NO. 02-10-00054-CV

JEANNA NICOLE ARNOLD                                    APPELLANT

V.

MATTHEW PRICE                                          APPELLEE

----------

## FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

## I. Introduction

Appellant Jeanna Nicole Arnold, the respondent below, appeals the trial court's final decree of divorce appointing Appellee Matthew Price as sole managing conservator of their young daughter. Arnold contends in her first issue that the trial court did not have personal jurisdiction over her and that the trial court did not have subject matter jurisdiction pursuant to the Uniform Child

Custody Jurisdiction Enforcement Act (UCCJEA)[1] to make an initial child custody determination.  We affirm in part and dismiss in part for lack of subject matter jurisdiction.

## II.  Background

Arnold and Price were married in early September 2006 and ceased living together in early December 2006, but they continued to have a marital relationship through June 2007.  Price filed an original petition for divorce on July 16, 2007.  He alleged in his original petition that he was stationed in Pennsylvania as a member of the United States Navy and that Arnold resided in Yuba City, California; he asserted that jurisdiction over Arnold was proper in Texas because their last marital residence was in Texas and he filed suit before the second anniversary of the date on which the marital residence ended.[2]  Price also alleged in the original petition that Arnold was pregnant.  Price later amended his petition and sought appointment as sole managing conservator of his daughter.

Arnold filed an original answer to Price's petition in August 2007.  In her answer, Arnold objected to the trial court's jurisdiction over the unborn child, alleging that "[t]he child will not be born in Tarrant County, Texas[;] therefore, jurisdiction and venue will be proper in another County and/or State."  Arnold did

---

[1]*See* Tex. Fam. Code Ann. § 152.001–.104 (West 2008), .105 (West Supp. 2011), .106–.310 (West 2008), .311 (West Supp. 2011), .312–.317 (West 2008).

[2]*See* Tex. Fam. Code Ann. § 6.305(a) (West 2006).

2

not, however, challenge personal jurisdiction in her original answer. Arnold also filed an original counter-petition for divorce. In the counter-petition, Arnold did not object to or otherwise challenge personal jurisdiction, and she requested that the court divide the parties' community property, confirm her separate property, enter temporary orders, award her attorney's fees, and grant a divorce. Arnold did, however, state in the counter-petition that she and Price were expecting a child and that she "objects to a Court in Tarrant County, Texas taking jurisdiction over an unborn child and/or a child who has never resided in the State of Texas."

The child was born in California on December 7, 2007. It is undisputed that the child, other than during brief visitations with Price, lived in California with Arnold from the time of her birth through the time of trial.

The appellate record does not contain the transcript of any hearing on Arnold's objection to jurisdiction, but it does contain an order denying the objection to jurisdiction. The record also contains a letter from the trial court stating in part, "The Court does accept jurisdiction of the parties and this child. I am not sure that Texas is necessarily the proper state for jurisdiction; however, neither of the parties filed any action in any other state that might have jurisdiction so as to leave us with very little choice."

Following a jury trial on the sole issue of conservatorship, the jury returned a verdict that Price should be appointed the child's sole managing conservator. The parties submitted the issue of custody to the court, and the trial court ordered that for the first three years, Price would have custody of the child in two-

3

month increments and that Arnold would have custody in one-month increments. After the first three years, the trial court ordered that the parties would have custody in accordance with the standard possession orders for parents residing more than 100 miles apart. This appeal followed.

### III. Personal Jurisdiction

Arnold argues in part of her first issue that the trial court did not have personal jurisdiction over her because she is a resident of California.

### A. Applicable Law

"Whether a court has personal jurisdiction over a nonresident defendant is a question of law, which we review de novo." *Zinc Nacional, S.A. v. Bouche Trucking, Inc.*, 308 S.W.3d 395, 397 (Tex. 2010) (citing *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002)). Unlike subject matter jurisdiction, the lack of personal jurisdiction may be waived. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14, 105 S. Ct. 2174, 2182 n.14 (1985) ("[T]he personal jurisdiction requirement is a waivable right."). Strict compliance with rule of civil procedure 120a is required, and a nonresident defendant will be subject to personal jurisdiction in Texas courts if the defendant enters a general appearance. *Morris v. Morris*, 894 S.W.2d 859, 862 (Tex. App.—Fort Worth 1995, no writ).

Under rule 120a, a properly entered special appearance enables a nonresident defendant to challenge personal jurisdiction in a Texas court. Tex. R. Civ. P. 120a. As applicable here, rule 120a provides that "[e]very appearance,

prior to judgment, not in compliance with this rule is a general appearance." Tex. R. Civ. P. 120a(1); *see also Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 201 (Tex. 1985). A party enters a general appearance and waives a special appearance "when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (citing *Dawson–Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998), *cert. denied*, 525 U.S. 1067 (1999)). The test for a general appearance is whether a party requests affirmative relief inconsistent with an assertion that the trial court lacks jurisdiction. *Dawson–Austin*, 968 S.W.2d at 323.

In this case, Arnold filed an answer to Price's petition for divorce but did not file a special appearance or any other pleading that could be construed as a special appearance. Moreover, Arnold requested in her original counter-petition for divorce that the trial court divide the parties' community property, confirm her separate property, enter temporary orders, award her attorney's fees, and grant a divorce. Because Arnold did not file a special appearance, she did not comply with rule 120a(1)'s procedure for objecting to personal jurisdiction. *See* Tex. R. Civ. P. 120a(1). And the requests for affirmative relief in her counter-petition for divorce are inconsistent with her contention that the trial court lacked personal jurisdiction. *See Dawson–Austin*, 968 S.W.2d at 323; *Office of the Attorney Gen. of Tex. v. Phillips*, No. 01-05-00973-CV, 2007 WL 1559804, at *4 (Tex. App.—

5

Houston [1st Dist.] May 31, 2007, no pet.) (mem. op.) (holding husband entered general appearance by filing motions for a temporary restraining order, sanctions, and attorney's fees). Arnold therefore entered a general appearance and cannot complain that the trial court lacked personal jurisdiction over her for either the divorce or the child custody determinations. *See Morris*, 894 S.W.2d at 862 (holding husband entered general appearance by filing answer instead of special appearance); *see also* Tex. Fam. Code Ann. § 6.305(b) (providing that court acquiring personal jurisdiction over nonresident respondent "also acquires jurisdiction over the respondent in a suit affecting the parent-child relationship"). We overrule the portion of Arnold's first issue that challenges personal jurisdiction.

## IV. Subject Matter Jurisdiction

Arnold contends in the remainder of her first issue that the trial court did not have jurisdiction over the child custody determination pursuant to the UCCJEA.[3]

### A. Applicable Law

Subject matter jurisdiction is a question of law that we review de novo. *Powell v. Stover*, 165 S.W.3d 322, 324 (Tex. 2005). "A court must possess both subject matter jurisdiction over a case and personal jurisdiction over a party to issue a binding judgment." *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996).

---

[3]*See* Tex. Fam. Code Ann. § 152.001–.317.

6

Subject matter jurisdiction refers to the power of a court to hear a particular type of suit. *Id.* When an action is grounded in statute, subject matter jurisdiction must be shown under the applicable statute. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000); *In re Barnes*, 127 S.W.3d 843, 846–47 (Tex. App.—San Antonio 2003, orig. proceeding). "Subject matter jurisdiction is never presumed and cannot be waived." *Barnes*, 127 S.W.3d at 846. Rather, it "'exists by operation of law only, and cannot be conferred upon any court by consent or waiver.'" *In re A.D.D.*, 974 S.W.2d 299, 303 (Tex. App.—San Antonio 1998, no pet.) (quoting *Fed. Underwriters Exch. v. Pugh*, 141 Tex. 539, 541, 174 S.W.2d 598, 600 (1943)).

Jurisdiction over child custody issues in Texas is exclusively governed by the UCCJEA. *See* Tex. Fam. Code Ann. § 152.201(b) (stating section 152.201(a) "is the exclusive jurisdictional basis for making a child custody determination by a court of this state"); *In re Brown*, 203 S.W.3d 888, 890 (Tex. App.—Fort Worth 2006, orig proceeding). The UCCJEA was largely designed to avoid having multiple states simultaneously claim jurisdiction by prioritizing home-state jurisdiction. *Powell*, 165 S.W.3d at 325; *In re S.J.A.*, 272 S.W.3d 678, 684 (Tex. App.—Dallas 2008, no pet.).

Family code section 152.201(a) provides that a Texas court has jurisdiction to make an initial child custody determination *only if*:

> (1) [Texas] is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding,

7

and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

(2) a court of another state does not have jurisdiction under Subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 152.207 [inconvenient forum] or 152.208 [jurisdiction declined by reason of conduct], and:

(A) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

(B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

(3) all courts having jurisdiction under Subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 152.207 or 152.208; or

(4) no court of any other state would have jurisdiction under the criteria specified in Subdivision (1), (2), or (3).

Tex. Fam. Code Ann. § 152.201(a).

A child's home state is determined as of the date of the commencement of the child custody proceeding. *Waltenburg v. Waltenburg*, 270 S.W.3d 308, 314 (Tex. App.—Dallas 2008, no pet.); *Brown*, 203 S.W.3d at 891. "Commencement" is defined as "the filing of the first pleading in a proceeding." Tex. Fam. Code Ann. § 152.102(5). When a child is less than six months old, the home state is "the state in which the child lived from birth with a parent." *Id.* § 152.102(7); *Waltenburg*, 270 S.W.3d at 315. The UCCJEA does not, however, "authorize jurisdiction over a child custody proceeding concerning an unborn child.

8

*Waltenburg*, 270 S.W.3d at 316 (interpreting the plain language of the UCCJEA's definition of a child and considering holdings of other states).

## B. Analysis

It is undisputed that Arnold and Price's child was born in California in December 2007, several months after Price filed his original petition for divorce and Arnold filed her counter-petition. It is also undisputed that, other than brief visitations with Price, the child had lived only with Arnold in California since birth.

### 1. The UCCJEA and Unborn Children

Price argues that the trial court had subject matter jurisdiction over the child custody issues because the UCCJEA does not apply to unborn children, the child had not been born at the time Price filed for divorce, and jurisdiction is determined based on the circumstances at the time the suit is commenced. But this argument has been rejected by our sister court of appeals. In *Waltenburg*, the mother and father had lived in Arizona, but the mother moved to Texas shortly before she gave birth to their child. *See* 270 S.W.3d at 311. The father filed for divorce and custody in Arizona before the child was born in Texas, and the mother filed for divorce and custody in Texas four months after the child's birth. *Id.* Father argued that the Arizona court had subject matter jurisdiction because the UCCJEA does not apply to unborn children. *Id.* at 316. Rejecting the father's argument, the court stated,

> [R]eading the UCCJEA to authorize jurisdiction over a custody matter concerning an unborn child would defeat the clear purpose underlying the legislature's enactment of the UCCJEA—to prioritize

9

home-state jurisdiction. *See Powell*, 165 S.W.3d at 325. Under such a reading, a party could file suit pre-birth under the UCCJEA provision authorizing jurisdiction when "no other court has jurisdiction," and use the "simultaneous proceeding" provision to control, post-birth, whether the child's home state can ever exercise that "priority" jurisdiction. We reject this reading of the UCCJEA.

*Id.* at 318. Instead, the *Waltenburg* court held that Texas became the child's home state immediately upon birth and that "a court in a state that has adopted the UCCJEA cannot exercise jurisdiction over a custody claim asserted regarding an unborn child." *Id.* Thus, we reject Price's contention that the trial court had subject matter jurisdiction simply because the UCCJEA does not apply to unborn children and jurisdiction was proper as to Arnold.

### 2. Texas Family Code Section 152.201(a)

As stated above, family code section 152.201(a) states that a Texas court may make an initial child custody determination only if one of four circumstances exist. *See* Tex. Fam. Code Ann. § 152.201(a). We address each circumstance in turn.

As applicable here, section 152.201(a)(1) provides that a Texas court may exercise subject matter jurisdiction if Texas was the child's home state at the time Price filed his original petition. Tex. Fam. Code Ann. § 152.201(a)(1). But the child had not yet been born when Price filed for divorce, and the child's home state could not yet be determined. The *Waltenburg* court held that although subject matter jurisdiction is typically determined based on the pleadings at the time the proceeding is commenced, subject matter jurisdiction for a child that had

10

not been born at the time of commencement is determined "on the pleadings of the parties and the undisputed evidence as to the date and location of [the child]'s birth." 270 S.W.3d at 315; *see also* Tex. Fam. Code Ann. § 152.102(2) (defining a "child" as "an individual who has not attained 18 years of age"); Tex. Fam. Code Ann. § 152.102(7) (defining "home state" for a child under six months of age as "the state in which the child lived from birth with a parent or a person acting as a parent"). Thus, California became the child's home state immediately upon birth, and a Texas court therefore could not exercise jurisdiction over the child custody proceeding pursuant to section 152.201(a)(1) as the child's home state. *See Waltenburg*, 270 S.W.3d at 318 (holding that Texas became child's home state immediately upon birth, "thus precluding the Arizona court from exercising jurisdiction" over custody claim); *see also* Tex. Fam. Code Ann. § 152.102(7).

Section 152.201(a)(2) states that a Texas court may make an initial child custody decision if another state does not have home state jurisdiction or if another state has declined to exercise jurisdiction pursuant to sections 152.207 (inconvenient forum) or 152.208 (unjustifiable conduct). *See* Tex. Fam. Code Ann. § 152.201(a)(2). "This 'significant connection jurisdiction should only be employed when Texas is not the home state and it appears that no other state could assert home state jurisdiction.'" *Barnes*, 127 S.W.3d at 847 (quoting *In re Oates*, 104 S.W.3d 571, 578 (Tex. App.—El Paso 2003, orig. proceeding). Here, California did have jurisdiction of the child custody proceeding because California

11

was the child's home state as of the date of her birth. *See* Tex. Fam. Code Ann. §§ 152.102(7), .201(a)(1); *see also* Cal. Fam. Code §§ 3402(g), 3421(a) (West 2000) (California versions of Texas Family Code sections 152.102(7) and 152.201(a)). Furthermore, California had not declined to exercise jurisdiction. *See* Tex. Fam. Code Ann. §§ 152.207, .208. Texas could not therefore exercise subject matter jurisdiction pursuant to section 152.201(a)(2). *See id.* § 152.201(a)(2); *Barnes*, 127 S.W.3d at 848 (holding Texas could not exercise jurisdiction over custody proceeding until other proper forums declined to exercise jurisdiction).

Texas courts may also make an initial child custody determination if all courts with jurisdiction under section 152.201(a)(1) and (2) have declined jurisdiction on the ground that Texas is a more appropriate forum. *See* Tex. Fam. Code Ann.*.* § 152.201(a)(3). But this provision cannot apply because California had jurisdiction under section 152.201(a)(1) and had not declined to exercise jurisdiction. Finally, Texas cannot exercise subject matter jurisdiction over the child custody proceeding under section 152.201(a)(4)—which provides that a Texas court may exercise subject matter jurisdiction if no other state would have jurisdiction under section 152.201(a)(1), (2), or (3)—because California has jurisdiction over the proceeding under section 152.201(a)(1). *See id.* § 152.201(a)(4). Therefore, none of the four exclusive circumstances listed in family code section 152.201(a) exist in this case.

### 3. No Pending California Proceeding

Price argues that the trial court still could exercise subject matter jurisdiction because Arnold never initiated a custody proceeding in California. While it is true that Arnold did not commence a proceeding in California, this fact is not dispositive because Texas is not the child's home state, and the UCCJEA prioritizes home-state jurisdiction. *See generally Powell*, 165 S.W.3d at 325; *S.J.A.*, 272 S.W.3d at 684. Moreover, it is apparent from the UCCJEA as a whole that the legislature contemplated that a Texas court could decline to exercise jurisdiction, even if there was not a pending proceeding in another state. For example, family code section 152.207 provides that a Texas court may decline to exercise jurisdiction on inconvenient forum grounds. Tex. Fam. Code Ann. § 152.207(a). But there is no requirement that there be a currently pending proceeding in another state. *See id.* This is so because section 152.207(c) provides that, after the trial court determines that another forum is more appropriate, the trial court "shall stay the proceedings *upon condition that a child custody proceeding be promptly commenced in another designated state*." *Id.* § 152.207(c) (emphasis added).[4] Therefore, the legislature clearly contemplated scenarios in which Texas courts decline to exercise jurisdiction over child

---

[4]We also note that section 152.207(d) provides that a Texas trial court may decline jurisdiction of a child custody determination while retaining jurisdiction over other portions of the same proceeding, such as for divorce. *Id.* § 152.207(d).

custody determinations even though there is not a pending proceeding in the more appropriate state.

### 4. Conclusion

Family code section 152.201(b) states that "[s]ubsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this state." *Id.* § 152.201(b). Because a Texas court could not properly exercise subject matter jurisdiction under section 152.201(a) at the time Price commenced this proceeding or at the time of the child's birth, we hold that the trial court did not have subject matter jurisdiction to make the initial child custody determination. *See id.* § 152.201(a), (b); *see also Waltenburg*, 270 S.W.3d at 318 (holding Texas rather than Arizona courts had subject matter jurisdiction over custody proceeding involving a child born in Texas after the initial petition was filed in Arizona). We therefore sustain the remainder of Arnold's first issue.

### IV. Conclusion

Having sustained Arnold's first issue in part and having not reached her second issue,[5] we reverse the portions of the trial court's judgment relating to conservatorship and custody of the child and dismiss those portions for lack of subject matter jurisdiction. Having overruled the portion of Arnold's first issue

---

[5]We do not reach Arnold's second issue in which she argues that the trial court abused its discretion by admitting the testimony of Price's retained expert witness. *See* Tex. R. App. P. 47.1 (providing that a court of appeals's opinion must be as "brief as practicable" and address "every issue raised and necessary to final disposition of the appeal").

challenging personal jurisdiction, we affirm the remainder of the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  December 22, 2011