# NO. 12-23-00091-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CARL "TED" KEPPER,*<br>*APPELLANT* | *§* | *APPEAL FROM THE* |
| *V.* | *§* | *COUNTY COURT AT LAW* |
| *LISA SNOW,*<br>*APPELLEE* | *§* | *RUSK COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Carl "Ted" Kepper appeals the trial court's grant of Lisa Snow's special appearance and dismissal of his case. He presents five issues on appeal. We affirm.

### BACKGROUND

Kepper and Snow divorced in Colorado in 2014. As part of the divorce, they entered a "Stipulated Separation Agreement" that required Kepper to pay Snow $2,100 per month in maintenance for ten years. The agreement further stated that the maintenance could be amended if Kepper experienced a substantial change in circumstances. In June 2022, Kepper filed suit in Rusk County, Texas, where he is a resident, seeking to have the maintenance agreement amended. He sought a declaratory judgment that the agreement should be amended and a temporary restraining order.

Snow filed a special appearance and plea to the jurisdiction, including a supporting affidavit. In her affidavit, Snow represented that she does not live in Texas and that she has lived in Colorado since 2005, works in Colorado, collects her paychecks in Colorado, pays state income tax in Colorado, and files her taxes in Colorado. In addition, she claimed to have never conducted business in Texas or have any other activities that would subject her to jurisdiction in Texas. Kepper objected to Snow's affidavit urging that it is self-serving and violates the best

evidence rule. Kepper further included his own affidavit urging Snow cashed checks in Texas and included as exhibits copies of the checks allegedly cashed in Texas. Kepper also requested leave to conduct jurisdictional discovery.

The trial court held a hearing on Snow's special appearance and plea to the jurisdiction. At the conclusion of the hearing, the trial court took the matter under advisement. Ultimately, the trial court granted the special appearance and dismissed the case against Snow. Kepper requested findings of fact and conclusions of law. After Snow filed a response to Kepper's request, Kepper filed a motion for reconsideration urging that Snow waived her special appearance via her response. At the conclusion of a hearing, the trial court denied the motion to reconsider. The trial court did not issue findings of fact and conclusions of law, even after Kepper notified the trial court that they were past due. This appeal followed.

## SPECIAL APPEARANCES AND JURISDICTION

Texas courts have personal jurisdiction over a defendant when the Texas long-arm statute grants jurisdiction and the exercise of jurisdiction comports with federal and state constitutional guarantees of due process. *Searcy v. Parex Res., Inc.*, 496 S.W.3d 58, 66 (Tex. 2016). Texas's long-arm statute stretches as far as due process will allow, so federal due-process requirements shape the contours of Texas courts' jurisdictional reach. *Id.*

A state's exercise of jurisdiction comports with federal due process if (1) the nonresident defendant has "minimum contacts" with the state and (2) the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Cornerstone Healthcare Grp. Holding, Inc. v. Nautic Mgmt. VI, L.P.*, 493 S.W.3d 65, 70 (Tex. 2016) (quoting *Walden v. Fiore*, 571 U.S. 277, 283, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014)). A defendant establishes minimum contacts with a forum when it purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013). Three primary considerations underlie the purposeful-availment analysis: (1) only the defendant's contacts with the forum are relevant, not the unilateral activity of another party or third person; (2) the defendant's acts must be purposeful and not random, isolated, or fortuitous; and (3) the defendant must seek some benefit, advantage, or profit by availing itself of the forum such that it impliedly consents to suit there. *Cornerstone*, 493 S.W.3d at 70–71. Although physical

2

presence in the forum is a relevant contact, it is not a prerequisite to jurisdiction. *Id.* at 71 (quoting *Walden*, 571 U.S. at 285, 134 S. Ct. at 1122).

Minimum contacts may create either general or specific personal jurisdiction. *TV Azteca v. Ruiz*, 490 S.W.3d 29, 37 (Tex. 2016). A court has general jurisdiction over a nonresident defendant whose affiliations with the state are so continuous and systematic as to render it essentially at home in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 S. Ct. 746, 754, 187 L. Ed. 2d 624 (2014). For an individual such as Snow, the paradigm forum for the exercise of general jurisdiction is the individual's domicile. *Id.* 571 U.S. at 137, 134 S. Ct. at 760. When a court has general jurisdiction over a nonresident, it may exercise jurisdiction "even if the cause of action did not arise from activities performed in the forum state." *TV Azteca*, 490 S.W.3d at 37 (quoting *Spir Star AG v. Kimich*, 310 S.W.3d 868, 872 (Tex. 2010)).

"Unlike general jurisdiction, which requires a more demanding minimum contacts analysis, specific jurisdiction may be asserted when the defendant's forum contacts are isolated or sporadic, but the plaintiff's cause of action arises out of those contacts with the state." *Spir Star*, 310 S.W.3d at 873. To assess whether there is specific jurisdiction, we focus on the relationship among the defendant, the forum, and the litigation. *Id.* Specific jurisdiction is appropriate when (1) the defendant's contacts with the forum state are purposeful, and (2) the cause of action arises from or relates to the defendant's contacts. *Id.* Parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for the consequences of their activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, 105 S. Ct. 2174, 2182, 85 L.Ed.2d 528 (1985); *Moncrief Oil*, 414 S.W.3d at 151. Where individuals purposefully derive benefit from their interstate activities, it may well be unfair to allow them to escape having to account in other states for consequences that arise proximately from such activities. *Burger King*, 471 U.S. at 473–74, 105 S. Ct. at 2183.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his second issue, Kepper complains that the trial court erred in failing to file findings of fact and conclusions of law when timely notified they were past due. *See* TEX. R. CIV. P. 296, 297. He asks us to direct the trial court to issue findings of fact and conclusions of law.

3

Appeals of orders on special appearances are most commonly brought as appeals of interlocutory orders, and findings of fact and conclusions of law are not required in that procedural posture. *See* TEX. R. APP. P. 28.1(c); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7) (West Supp. 2022). Notwithstanding that, the order on Snow's special appearance in this case is coupled with a dismissal of Kepper's claims which makes it a final judgment. However, Kepper is still not entitled to findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296. "The purpose of Rule 296 is to give a party a right to findings of fact and conclusions of law finally adjudicated after a conventional trial on the merits before the court." *Ikb Indus. (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 442 (Tex. 1997). Where there is no conventional trial on the merits, findings and conclusions may be proper, but a party is not entitled to them. *See id.* (findings and conclusions in dismissal of suit as discovery sanction, helpful but not required). In this case, there was no conventional trial on the merits. Thus, Kepper was not entitled to findings of fact and conclusions of law, and the trial court did not err in not providing them. *WG & D Masonry, LLC v. Long Island's Finest Homes, LLC*, No. 10-16-00272-CV, 2017 WL 2507776, at *1 (Tex. App.—Waco June 7, 2017, no pet.) (mem. op.). Kepper's second issue is overruled.

## WAIVER OF SPECIAL APPEARANCE

In his first issue, Kepper urges the trial court erred in denying his motion to reconsider. He contends that Snow's response to his request for findings of fact and conclusions of law constituted a general appearance that waived her special appearance.

Under Rule 120a, a properly entered special appearance enables a nonresident defendant to challenge personal jurisdiction in a Texas court. TEX. R. CIV. P. 120a; *Arnold v. Price*, 365 S.W.3d 455, 458 (Tex. App.—Fort Worth 2011, no pet.). Strict compliance with Rule 120a is required, and a nonresident defendant will be subject to personal jurisdiction in a Texas court if the defendant enters a general appearance. *Arnold*, 365 S.W.3d at 458. Rule 120a provides that "[e]very appearance, prior to judgment, not in compliance with this rule is a general appearance." *Id.* (quoting TEX. R. CIV. P. 120a(1)).

A party enters a general appearance and waives a special appearance when it violates Rule 120a's "due-order-of-pleading" requirement. *Exito Elecs. Co., Ltd. v. Trejo*, 142 S.W.3d 302, 305 (Tex. 2004); *see SBG Dev. Servs., L.P. v. Nurock Grp., Inc.*, No. 02-11-00008-CV,

2011 WL 5247873, at *2 (Tex. App.—Fort Worth Nov. 3, 2011, no pet.) (mem. op.). This requirement mandates that a special appearance be filed "prior to a motion to transfer venue or any other plea, pleading or motion." *Exito Elecs.*, 142 S.W.3d at 305. Furthermore, Rule 120a incorporates a "due-order-of-hearing" requirement, which provides that a special appearance motion "shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard." *SBG Dev.*, 2011 WL 5247873, at *2 (quoting TEX. R. CIV. P. 120a(2)).

A party also enters a general appearance "when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Exito Elecs.*, 142 S.W.3d at 304 (citing *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998)). Under this principle, the ultimate "test for a general appearance is whether a party requests affirmative relief inconsistent with an assertion that the trial court lacks jurisdiction." *Arnold*, 365 S.W.3d at 459 (citing *Dawson-Austin*, 968 S.W.2d at 323); *see Graves v. DJO, LLC*, 636 S.W.3d 321, 326 (Tex. App.—Fort Worth 2021, pet. denied) (defendant did not generally appear when filed motion for sanctions related to and in accordance with special appearance); *Exito Elecs.*, 142 S.W.3d at 305; *Nationwide Distrib. Servs., Inc. v. Jones*, 496 S.W.3d 221, 227–28 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (collecting examples of actions that do not constitute a general appearance under this principle).

Snow did not violate either of these principles such that she would have entered a general appearance. First, it is undisputed that Snow satisfied the due-order requirements for the pleading and hearing of her special appearance. The record indicates no other hearings were held prior to Snow's special appearance. Furthermore, Kepper's request and Snow's response were filed post-judgment. The trial court had already granted the special appearance and dismissed the case against Snow. Because any appearance "*prior to judgment*, not in compliance with [Rule 120a] is a general appearance," Snow complied with the due-order requirements to avoid generally appearing. *See Arnold*, 365 S.W.3d at 458 (emphasis added).

Second, Snow's response to Kepper's request for findings of fact and conclusions of law is not "inconsistent with an assertion that the trial court lack[ed] jurisdiction." *See id.* at 459. Snow simply responded to Kepper's request for findings of fact and conclusions of law, arguing that the trial court was not required to make such findings and conclusions under the Rules of Civil Procedure. Snow did not seek affirmative relief; she merely responded to Kepper's

request. In addition, because the only litigated issue was the special appearance, the request for findings and conclusions, along with the response, related to the special appearance. Therefore, Snow's response was not inconsistent with her special appearance.

As a result, the trial court did not err in denying Kepper's motion to reconsider based upon waiver. We overrule Kepper's first issue.

## JURISDICTIONAL DISCOVERY

In his third issue, Kepper urges that he should have been permitted to conduct jurisdictional discovery.

Texas Rule of Civil Procedure 120a governs discovery issues related to special appearances. TEX. R. CIV. P. 120a. In particular, Rule 120a(3) provides the procedure a party must use to postpone disposition of the special appearance in order to conduct additional discovery:

> Should it appear from the affidavits of a party opposing the [special appearance] motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

*Id*. We review for abuse of discretion the trial court's ruling regarding Rule 120a procedures. **Lamar v. Poncon**, 305 S.W.3d 130, 139 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

Kepper specially excepted to Snow's plea to the jurisdiction and included a "demand that Snow preserve her cell phone data that shows her GPS location" for the preceding six months. He again included this request in his objection to Snow's affidavit. And in a supplemental brief and more objections, he included a "Rule 196 Request" for discovery from Snow. He again requested limited discovery in his motion to reconsider. It does not appear the trial court made specific rulings regarding the discovery. However, to the extent these requests can be construed as motions to compel discovery, Kepper did not file a motion for continuance with attached affidavits as required under Rule 120a(3). *See* **Parex Res., Inc. v. ERG Res., LLC**, 427 S.W.3d 407, 433-34 (Tex. App.—Houston [14th Dist.] 2014), *aff'd* 496 S.W.3d 58 (Tex. 2016). The motions to compel may be factors establishing Kepper's due diligence in conducting discovery and, thus, supporting its right to a continuance. *Id.* at 434. However, because Kepper did not

follow the required procedure set out in Rule 120a(3) for continuing a special appearance, we cannot hold that the trial court abused its discretion by refusing additional jurisdictional discovery. *Id.*; *see IRN Realty Corp. v. Hernandez,* 300 S.W.3d 900, 903 (Tex. App.—Eastland 2009, no pet.) (holding trial court abused its discretion by granting motion to compel and abating special appearance hearing to allow plaintiff to conduct additional discovery because plaintiff did not follow procedures for continuance under Rule 120a(3)); *Washington DC Party Shuttle, LLC v. IGuide Tours LLC,* 406 S.W.3d 723, 739 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (holding plaintiff did not follow procedures under Rule 120a(3) for discovery continuance); *Said v. Maria Invs., Inc.,* No. 01–08–00962–CV, 2010 WL 457463, at *3 (Tex. App.—Houston [1st Dist.] Feb. 11, 2010, pet. denied) (mem. op.) ("Rule 120a(3) gives the trial court the discretion to continue a special appearance hearing and thereby extend the time in which evidence may be served, but this power applies only to a party opposing the special appearance who avers that he cannot adequately prepare for the special appearance hearing."); *Lamar,* 305 S.W.3d at 139 (determining plaintiffs complied with Rule 120a(3) because they "moved three times for jurisdictional discovery, attaching affidavits to their motions each time"). Therefore, we overrule Kepper's third issue.

## AFFIDAVIT

In his fourth issue, Kepper contends the trial court erred in failing to rule on his objection to Snow's affidavit.

In his supplemental response to Snow's plea to the jurisdiction, Kepper objected to Snow's affidavit and alleged it is "self-serving and violative of the best evidence rule." At the conclusion of the hearing on the special appearance and plea to the jurisdiction, the trial court took the issues under advisement and did not rule. When it issued a letter ruling, the trial court simply stated that it granted the special appearance and asked the parties to draft an order. Then, in his motion to reconsider, Kepper asked the trial court to rule on his objections to "Snow's self-serving affidavit." At the hearing on the motion to reconsider, Kepper did not request the trial court rule on his objections to the affidavit, otherwise bring the issue to the court's attention, or object to the trial court's refusal to make such a ruling. He only argued that Snow waived her general appearance by responding to his motion for findings of facts and conclusions of law.

Raising a complaint in the trial court is only one of two steps generally needed to preserve a complaint for appellate review. *See Mansions in the Forest, L.P. v. Montgomery County,* 365 S.W.3d 314, 317 (Tex. 2012) (per curiam). The trial court also must rule or refuse to rule on the request, objection, or motion. *Id.* (citing TEX. R. APP. P. 33.1(a)); *IGuide Tours,* 406 S.W.3d at 736. Simply restating the original objection is not sufficient to preserve an issue on appeal, and the complaining party must object to the trial court's refusal to rule. *Ermisch v. HSBC Bank USA,* No. 03-16-00080-CV, 2016 WL 6575232 at *2 n.3 (Tex. App.—Austin Nov. 4, 2016, pet. denied) (mem. op.) (citing TEX. R. APP. P. 33.1(a)(2)(B), *Alejandro v. Bell,* 84 S.W.3d 383, 388 (Tex. App.—Corpus Christi 2002, no pet.)). Because Kepper did not object to the trial court's refusal to rule on his objections, he has not preserved this issue for our review.[1] Kepper's fourth issue is overruled.

### NECESSITY OF PERSONAL JURISDICTION

In his fifth issue, Kepper asserts that the trial court erred in granting Snow's special appearance because he "only sought declaratory relief as it relates to his rights and remedies under a written instrument that had nothing to do with [Snow's] jurisdictional status."

In his argument section, Kepper discusses standing at length. He also explains that a justiciable controversy exists because he needs the maintenance requirement of the Stipulated Separation Agreement modified. He then argues that he is the "only party that has obligations to perform under the agreement." And Kepper appears to argue that Snow will be unaffected by any declaratory judgment decision, and therefore, the trial court need not have jurisdiction over her. We are not persuaded by this argument.

Snow's rights under the Stipulated Separation Agreement are very much in dispute. If a trial court were to determine the maintenance agreement should be amended, the maintenance amount paid to Snow would change. Therefore, Snow necessarily has a justiciable interest in the

---

[1] We further note that Kepper's argument on this issue contains no legal authority. An appellant's brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). This requirement is not satisfied by merely uttering brief conclusory statements unsupported by legal citations. *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.,* 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). Failure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint. *Guimaraes v. Brann,* 562 S.W.3d 521, 538 (Tex. App.—Houston [1st Dist.] 2018, pet. denied); *Abdelnour v. Mid Nat'l Holdings, Inc.,* 190 S.W.3d 237, 242 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (appellant waived issue because appellant's brief provided "no citation to the record, nor any discussion of relevant or analogous authorities to assist the Court in evaluating its claim").

outcome of the declaratory judgment action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2020) (a person interested under a written contract or whose rights, status, or other legal relations are affected by a contract may have question of contract interpretation determined). Personal jurisdiction is "a court's power to bring a person into its adjudicative process; jurisdiction over a defendant's personal rights, rather than merely property interests." *Personal Jurisdiction*, BLACK'S LAW DICTIONARY (11th ed. 2019). And a trial court may not issue a judgment against a defendant over whom it has no personal jurisdiction. *See **Pennoyer v. Neff***, 95 U.S. 714, 726, 24 L. Ed. 565 (1877). Declaratory judgment actions are not exceptions to that rule. *See **Gaddy v. Fenenbock**,* 652 S.W.3d 860, 866-73 (Tex. App.—El Paso 2022, no pet.) (applying special appearance and personal jurisdiction rules in declaratory judgment action); ***Graves***, 636 S.W.3d at 324-30 (Tex. App.—Fort Worth 2021, pet. ref'd) (same); ***Triple SSS Aviation, Ltd. v. Adkinson***, No. 12-07-00328-CV, 2008 WL 142640, at *2-3 (Tex. App.—Tyler Jan. 16, 2008, no pet.) (mem. op.) (same). Therefore, it was not error for the trial court to consider Snow's jurisdictional status.[2] We overrule Kepper's fifth issue.

## DISPOSITION

Having overruled Kepper's five issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered November 8, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] Kepper does not challenge the sufficiency of the evidence supporting the trial court's order granting the special appearance.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 8, 2023**

**NO. 12-23-00091-CV**

**CARL "TED" KEPPER,**
Appellant
V.
**LISA SNOW,**
Appellee

Appeal from the County Court at Law

of Rusk County, Texas (Tr.Ct.No. 2022-06-211)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **CARL "TED" KEPPER** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*