**Opinion issued June 10, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00438-CV

_____

**MICHELE TESTA, AS THE ADMINISTRATOR
OF THE ESTATE OF DONALD TESTA, Appellant**

**V.**

**WILMINGTON TRUST, N.A., AS TRUSTEE FOR MORGAN STANLEY
BANK OF AMERICA, MERRILL LYNCH TRUST 2014-C19,
COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2014-C19, Appellee**

---

**On Appeal from the 165th District Court
Harris County, Texas
Trial Court Case No. 2018-88854**

---

### O P I N I O N

Appellant, Michelle Testa, as the administrator of the Estate of Donald Testa

(the "administrator"), challenges the trial court's final summary judgment in the suit

brought by appellee, Wilmington Trust, N.A., as Trustee for Morgan Stanley Bank of America, Merrill Lynch Trust 2014 C19, Commercial Mortgage Pass Through Certificates, Series 2014 C19 (the "trustee"), for Donald Testa's breach of a guaranty agreement.

In four issues, the administrator contends that the trial court erred in concluding that 1) the trustee had standing, 2) it had jurisdiction over the California court-appointed administrator, 3) the administrator had adequate notice of the summary-judgment hearing, and 4) the trustee was entitled to summary judgment.

We conclude that the trial court had jurisdiction over the parties and affirm the summary judgment.

## Background

In September 2014, Testa, a California resident, executed a guaranty for the benefit of Bank of America in which he agreed to be personally responsible for repayment of a loan to Northbelt LLC for the purchase of an office building in Houston, Texas if Northbelt defaulted on the loan.

In the summer of 2017, Northbelt defaulted on the loan and failed to cure its defaults. Northbelt's defaults triggered Testa's obligations under the guaranty. The trustee accelerated the loan and notified Northbelt and Testa that payment was due, but neither paid the outstanding debt.

2

In December 2017, the trustee sued Northbelt and Testa to recover on the loan. After Northbelt filed for bankruptcy several weeks later, the trustee continued to prosecute its claims against Testa under the guaranty. In September 2020, the trustee moved for summary judgment against Testa and set its motion for submission.

Testa did not respond to the summary-judgment motion. Later, a suggestion of death was filed in the case, noting that Testa had died in January 2021.

In February 2022, the trustee applied for a writ of scire facias in which it sought to substitute the administrator as defendant.[1] The administrator's counsel accepted and waived service of the amended petition on September 30, 2022. On October 13, 2022, the trust amended its notice of submission to set the summary-judgment motion for hearing on November 18, 2022. But the trial court did not reach the summary-judgment motion on that date; instead, it heard argument on the administrator's plea to the jurisdiction according to the parties' agreement.[2] Before ending the hearing, the trial court informed the parties that the summary-judgment hearing would be reset for November 23, 2022, pending confirmation of the date with the trial court's clerk. On November 21, 2022, the

---

[1]     TEX. R. CIV. P. 152.

[2]     The record does not contain a notice of hearing for the administrator's plea to the jurisdiction. She filed a brief in support of her plea on November 17, 2022, the day before the summary-judgment motion was set for hearing.

3

trustee sent a written notice to the administrator confirming that the hearing would take place as announced by the trial court.

On November 23, 2022, the administrator filed an objection to the summary-judgment hearing, asserting that the trial court was required to rule on her plea to the jurisdiction before hearing the summary-judgment motion.

The record contains no ruling on the administrator's objection, but the trial court's final judgment, signed March 8, 2023, states that the trial court heard argument on the summary-judgment motion on November 23, 2022. The trial court also overruled the administrator's plea to the jurisdiction and granted summary judgment in favor of the trustee. The trial ordered that the trustee recover from the administrator $12,716,119.87 on the guaranty plus prejudgment interest, $45,814.50 in attorney's fees, conditional appellate attorney's fees, post-judgment interest, and court costs.

## Subject Matter Jurisdiction

In her first issue, the administrator asserts that the trustee lost standing to maintain this lawsuit in 2020, when it assigned the guaranty to a nonparty. Because standing is determined when the suit is filed, we construe this issue as a complaint that the case has become moot. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012); *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 n.9 (Tex. 1993) ("Standing is determined at the time suit is filed in the trial

4

court, and subsequent events do not deprive the court of subject matter jurisdiction."). "A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Heckman*, 369 S.W.3d at 162. When a case becomes moot, the parties lose standing to maintain their claims and the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction. *Id.*; *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001).

Here, the administrator asks this Court to take judicial notice of the guaranty's assignment based on uncertified copies of Harris County clerk records, which are included in the appendix to her appellant's brief, of an "Assignment of Deed of Trust, Assignment of Leases and Rents and Security Agreement" by the trustee to RSS MSBAM2014-C19 – TX NB, LLC, executed October 28, 2020, and a substitute trustee's deed. These documents show a transaction that occurred more than two years before the trial court signed the final judgment, yet they were never presented to the trial court and are not part of the record.

Generally, documents outside the appellate record are not properly before the Court. *See* TEX. R. APP. P. 34.1. Appellate courts may take judicial notice of certain documents but are reluctant to do so if the trial court did not have the opportunity to examine and consider it. *Tran v. Fiorenza*, 934 S.W.2d 740, 742–43 (Tex. App.—

Houston [1st Dist.] 1996, no writ); *accord Hendee v. Dewhurst*, 228 S.W.3d 354, 377 (Tex. App.—Austin 2007, pet. denied).

In any case, an assignment like the one tendered here is no more than an "extraconstitutional restriction[]" on a plaintiff's right to continue prosecuting a particular lawsuit." *McLane Champions, LLC v. Houston Baseball Partners LLC*, 671 S.W.3d 907, 913 (Tex. 2023). When such restrictions exist, "some other legal principle may prevent [the plaintiff] from prevailing on the merits," but they do not show that the plaintiff's claim of injury is "too slight for a court to afford redress." *Id.* Whether a plaintiff is a party or third-party beneficiary entitled to enforce a contract is a matter of capacity. *See MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 651–52, 654 (Tex. 1999); *TL II Apartments, LLC v. A&A Masonry, Inc.*, No. 01-22-00807-CV, 2024 WL 3349090, at *3 (Tex. App.—Houston [1st Dist.] July 9, 2024, pet. denied) (mem. op.). Capacity, which is a party's legal authority to prosecute or defend a suit, is an issue that goes to the claim's merits and does not affect jurisdiction. *TL II Apartments*, 2024 WL 3349090, at *4. And unlike standing or mootness, a party can waive an argument that an opposing party does not have the capacity to participate in a suit. *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996); *see also* TEX. R. CIV. P. 93(1) (requiring party to file verified pleading if asserting plaintiff lacks legal capacity to sue or defendant lacks legal capacity to be sued).

We decline the administrator's request for judicial notice. And because the administrator did not raise the issue of capacity in the trial court, we hold that she waived her first issue. *See* TEX. R. APP. P. 33.1(a).

**Personal Jurisdiction**

In her second issue, the administrator argues that because she was appointed in California and not Texas, the trial court never acquired jurisdiction over her.

Whether a trial court has personal jurisdiction over a nonresident defendant is a question of law that we review de novo. *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018); *PetroSaudi Oil Servs. Ltd. v. Hartley*, 617 S.W.3d 116, 132 (Tex. App.—Houston [1st Dist.] 2020, no pet.). "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004). But if, as here, the relevant evidence is undisputed, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

The administrator relies on the common-law rule that generally, Texas courts have no jurisdiction over a representative of an estate who holds that status by an appointment in another state or nation. *See Faulkner v. Reed*, 241 S.W. 1002, 1007 (Tex. Comm'n App. 1922, holding approved) (holding that after death of Ohio resident, administrator appointed by Ohio court for decedent's estate, which owned

7

parcel of real property in Texas as its sole remaining asset, could not "sue or be sued in the courts of Texas, or in any way act as legal representative of [the] estate in Texas"); *Diaz v. Elkin*, 434 S.W.3d 260, 263–65 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (relying on *Faulkner* to conclude that Texas courts lacked jurisdiction over suit for breach of fiduciary duty brought against co-executor of Peruvian estate, who was Texas resident but had been appointed by Peruvian court; appellants' claims inherently sought to affect estate's administration). The administrator, though, fails to acknowledge that the Texas Legislature has carved out certain exceptions to this common-law rule. For example, the Texas Estates Code permits "a foreign executor or administrator of a person who was a nonresident at the time of death" to bring suit in Texas "for the recovery of debts due to the decedent." TEX. EST. CODE § 505.101.

The legislature has also recognized the need to protect the rights of Texas residents when they seek payment of debts from the estates of decedents who resided in other states or countries. Here, Testa died while this suit was pending. When a defendant dies, the suit against the decedent abates and may be revived only with the substitution of a personal representative. *Futrell v. State & Cnty. Mut. Ins. Co.*, No. 05-95-01052-CV, 1996 WL 479555, at *2 (Tex. App.—Dallas Aug. 19, 1996, no writ) (not designated for publication). If a suggestion of death is filed, the plaintiff has a duty to request that the clerk issue a scire facias "for the

8

administrator . . . requiring [her] to appear and defend the suit." TEX. R. CIV. P. 152. On "the return of such service, the suit shall proceed against such administrator . . . ." *Id.*

A writ of scire facias creates for the decedent's legal representative a status like that of an assignee. *See Ferreira v. Butler*, 575 S.W.3d 331, 334 (Tex. 2019) (explaining that executor is personal representative who "'stands in the shoes' of the decedent" and "has no greater powers, rights, or privileges than the decedent whose estate he or she represents" (internal quotations omitted)); *see also Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 390 n.2 (Tex. 1993) ("[A] revived action is merely a continuation of the original action, and the substituted party stands in the same shoes as the original party, whatever that may have been."); *Walker v. Hardy*, No. 14-93-00084-CV, 1994 WL 52526, at *1 (Tex. App.—Houston [14th Dist.] Feb. 14, 1994, no writ) (not designated for publication) (holding administrator's special appearance inappropriate because decedent answered suit).

The legislature enacted a way for plaintiffs to serve process on a nonresident administrator, executor, or personal representative of a nonresident defendant's estate so that they can continue prosecuting their claims against the nonresident defendant's estate. The Texas long-arm statute provides:

> After the death of a nonresident for whom the secretary of state is an agent for service of process under this section, the secretary of state is an agent for service of process on a nonresident administrator, executor, or personal representative of the nonresident. If an administrator,

9

executor, or personal representative for the estate of the deceased nonresident is not appointed, the secretary of state is an agent for service of process on an heir, as determined by the law of the foreign jurisdiction, of the deceased nonresident.

TEX. CIV. PRAC. & REM. CODE § 17.044(c). The secretary of state is the agent for service of process on a nonresident who "engages in business in this state, but has not designated or maintained a resident agent for service of process." *Id.* § 17.044(a). Thus, under section 17.044(c), the administrator may be haled into Texas court if Testa's business contacts in Texas were sufficient to support personal jurisdiction.[3] *See generally* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 358 (1971) (stating that action may be maintained against foreign administrator on claim against decedent when forum's local law authorizes suit in state against administrator and state courts had jurisdiction over decedent because of contacts during his lifetime).

Testa had filed a special appearance, but the trial court did not rule on it before he died and the administrator's later filings in the case were not made subject to Testa's special appearance. As the administrator stands in the shoes of her decedent, the administrator waived the special appearance. *See* TEX. R. CIV. P. 120a(1); *Nationwide Distrib. Servs., Inc. v. Jones*, 496 S.W.3d 221, 224–25 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (holding that failure to strictly comply with Rule 120a, including its due-order-of-pleading requirement, constitutes general

---

[3]     *Accord Ah Ha Publ'g, LLC v. Herer*, No. A-12-CA-844-5S, 2013 WL 8182656, at *4 (W.D. Tex. Jan. 7, 2013).

appearance and waives challenge to personal jurisdiction). Because the Texas long-arm statute entitled the trustee to bring the administrator into the trial court to defend its claims against Testa and the administrator waived any complaint that the trial court lacked jurisdiction over Testa, we hold that the trial court properly concluded that it had jurisdiction over the administrator.

We overrule the administrator's second issue.

## Notice of Summary-Judgment Hearing

In her third issue, the administrator asserts that the trustee did not satisfy the requirements of Texas Rule of Civil Procedure 166a and due process when the trustee served its notice of the summary-judgment hearing before her answer was due and before she appeared in the case, and the amended notice of hearing was served two days before the hearing.

Texas Rule of Civil Procedure 166a(c) provides that "the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." TEX. R. CIV. P. 166a(c). If the nonmovant received the required twenty-one-day notice the first time a summary-judgment motion is set for hearing, the twenty-one day notice period does not apply to a resetting. *NSJ Int'l, LLC v. Prosperity Bank*, No. 01-22-00931-CV, 2024 WL 791629, at *3 (Tex. App.—Houston [1st Dist.] Feb. 27, 2024, no pet.); *LeNotre v. Cohen*, 979 S.W.2d 723, 726 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). In such case, the

11

movant needs to give only "reasonable notice" of at least seven days of the rescheduled hearing. *Glover v. Berleth*, No. 01-09-00679-CV, 2012 WL 114200, at *3 (Tex. App.—Houston [1st Dist.] 2012, no pet.). The seven-day-notice requirement stems from rule 166a(c), which requires the nonmovant to serve any "opposing affidavits or other written response" to the summary-judgment motion "not later than seven days" before the day of the hearing "[e]xcept on leave of court." TEX. R. CIV. P. 166a(c).

The administrator makes much of the fact that she had just become involved in the case when the summary-judgment motion was set for hearing. But "[t]he purpose of *scire facias* is not to start the litigation over from the beginning, but to substitute the legal representatives in the decedent's place." *Estate of Pollack*, 858 S.W.2d at 394 (Tex. 1993) (Gonzalez, J., concurring).

Counsel for the administrator, who had represented Testa in the case before his death, received the amended petition on behalf of the administrator on September 30, 2022. On October 13, 2022, the trustee served notice that its summary-judgment motion, originally filed in 2020, was set for hearing on November 18, 2022. The record contains no notice of hearing for the administrator's plea to the jurisdiction. Without a reporter's record, we can only conclude that the trial court was ready to hear the summary-judgment motion on November 18th until it agreed with the parties' request to first hear the administrator's plea to the jurisdiction.

12

At the hearing, the trial court announced that the summary-judgment motion would be heard at a later date, presumably because of having accommodated the request to hear the administrator's plea to the jurisdiction before the trustee's summary-judgment motion. Trial courts have broad discretion "to control the disposition of cases with economy of time and effort for itself, for counsel, and for litigants." *King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014) (internal quotations omitted); *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001). They exercise this discretion to fulfill their duty to schedule cases "in such a manner as to expeditiously dispose of them." *King Fisher Marine Serv.*, 443 S.W.3d at 843. Because the trial court—and not the summary-judgment movant— reset the summary-judgment hearing for the purpose of managing its own docket, we conclude that the reasonable-notice rule that applies when a summary-judgment movant selects the date for hearing or submission does not apply here.

The administrator did not request a continuance of or object to the November 18th summary-judgment hearing, nor did she contemporaneously object to the trial court's oral order postponing the hearing to November 23rd. *See Glover*, 2012 WL 114200, at *4. She filed her objection to having the summary-judgment motion heard on November 23rd, asserting that the trial court was required to rule on her plea to the jurisdiction before proceeding with the summary-judgment hearing. But the administrator did not cite any authority or provide any legal analysis, either in the

13

trial court or here, to support that assertion. Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see also Barham v. Turner Constr. Co. of Tex.*, 803 S.W.2d 731, 740 (Tex. App.—Dallas 1990, writ denied) (holding that appellant bears burden of discussing assertions of error). The failure to provide substantive analysis of an issue or cite appropriate authority or the record waives a complaint on appeal. *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). Thus, the administrator waived any argument that the trial court was required to postpone the summary-judgment hearing because of her pending plea.

We hold that the trial court did not err refusing to continue the November 23rd hearing.

We overrule the administrator's third issue.

**Summary Judgment**

In her fourth issue, the administrator asserts that trial court erred in granting summary judgment in favor of the trustee.

14

We review a trial court's grant of summary judgment de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). In a traditional motion for summary judgment, the moving party must show that no genuine dispute exists as to any material fact such that the party is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). We review the summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Eagle Oil & Gas Co.*, 619 S.W.3d at 705.

If the moving party establishes its entitlement to judgment as a matter of law, the burden then shifts to the non-movant to present countervailing evidence that raises a genuine issue of material fact on the movant's claims. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979). Evidence raises a genuine issue of material fact if reasonable people could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

On the other hand, if the movant does not satisfy its initial summary-judgment burden, "the burden does not shift and the non-movant need not respond or present any evidence." "*Amedisys, Inc. v. Kingwood Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). "This is because summary judgments must stand or fall on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right to

15

judgment." *Id.* at 511–12 (internal quotations omitted). Thus, a non-movant may contend on appeal that the movant's summary-judgment grounds are "insufficient as a matter of law to support summary judgment." *Clear Creek*, 589 S.W.2d at 678 (emphasis omitted); *see Amedisys*, 437 S.W.3d at 512; *Bujnoch v. Nat'l Oilwell Varco, L.P.*, 542 S.W.3d 2, 4–5 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). But "a non-movant may not urge on appeal 'any and every new ground that he can think of.'" *Bujnoch*, 542 S.W.3d at 4 (quoting *Clear Creek*, 589 S.W.2d at 678).

To be entitled to a summary judgment on its breach-of-guaranty claim, the trustee was required to prove 1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract, 3) the occurrence of the condition on which liability is based, and 4) a failure or refusal by the guarantor to perform as promised. *Julka v. U.S. Bank Nat'l Ass'n*, 516 S.W.3d 84, 87 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

The administrator's arguments against the propriety of the summary-judgment ruling all rely on the 2020 assignment included in the appendix to her brief. But the 2020 assignment is not part of the record. Our review is limited to the summary-judgment record before the trial court when it ruled on the motion. *C.M. Asfahl Agency v. Tensor, Inc.*, 135 S.W.3d 768, 787–88 (Tex. App.—Houston [1st Dist.] 2004, no pet.). As the administrator does not identify any reversible error

in the trial court's summary-judgment ruling, we hold that the trial court did not err in granting summary judgment in favor of the trustee.

We overrule the administrator's fourth issue.

## Conclusion

We affirm the judgment of the trial court.


Clint Morgan
Justice

Panel consists of Justices Guerra, Caughey, and Morgan.